IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEANDRE D. CURRINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 1:21-CV-550-WHA-SRW |
| SCOTT SOLTYS, | ) ) ) |
| Defendant. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff DeAndre D. Currington filed this pro se 42 U.S.C. § 1983 action on or around August 18, 2021. *See* Doc. 1. On March 23, 2022, the Court issued an order directing Plaintiff to advise the Court if he wished to proceed with this action. Doc. 18. The Court specifically cautioned Plaintiff that his failure to file a response to the March 23 order would result in a recommendation that this case be dismissed. *Id.* at 1. The deadline for Plaintiff to respond to that order was March 29, 2022. More than a month has passed since that deadline, and Plaintiff has neither complied with nor otherwise responded to the order.

Because of Plaintiff's failure to comply with the Court's order, and because it appears that Plaintiff is no longer interested in the prosecution of this action, the court concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of

Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where the deadline for Plaintiff to respond to the Court's order passed more than a month ago, the court finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **May 20, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 5th day of May, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge